## RUDOLPH McCLUSKEY v. STATE.

No. A-5392.   Opinion Filed March 27, 1926.
(244 Pac. 204.)

Rummons & Hughes, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   The plaintiff in error, here designated the defendant, was convicted of the illegal transportation of whisky, with his punishment fixed at a fine of $100 and 30 days in jail.

The defendant claims that the evidence upon which the conviction rests was obtained by means of an illegal search and seizure, and admitted over his protest. The state's evidence indicates that the act of transportation was in the presence of the officers; that the arrest without a warrant was justified and that the search and seizure following were also justified, as incident to the arrest.

The testimony shows that certain peace officers were driving upon the public highway, followed by a car driven by the defendant and two companions; that the officers suspected that the defendant had whisky in his car, and to ascertain whether their suspicions were

4

well founded they stopped their car on a bridge in such manner as to obstruct passage to the car following. The defendant drove up and stepped out and as the officers approached they apprehended the defendant in the act of throwing a half gallon of whisky away. This jar of whisky was seized by one of the officers before it left the hands of the defendant, whom they immediately placed under arrest. Subsequently the officers searched the car and found a large number of jars of whisky concealed in a box and in the defendant's traveling bag.

Without relating all the details, we hold that under the circumstances the arrest without a warrant was authorized, as for a misdemeanor committed in the presence and view of the officers who made the arrest, and that the search and seizure following were justified as incident to a legal arrest.

Judgment affirmed.

DOYLE and EDWARDS, JJ., concur.